UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **CRYSTAL FLORES,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**PILOT TRAVEL CENTERS,** )<br>**LLC,** )<br>)<br>Defendant. )<br>_____/ | Case No.: |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, CRYSTAL FLORES ("Plaintiff" or "Flores"), and files her Complaint against Defendant, PILOT TRAVEL CENTERS, LLC ("Defendant" or "Pilot"), and in support states the following:

**NATURE OF THE CLAIMS**

1.  This is an action for monetary damages pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C §§ 2000e, *et seq., as amended* by the Pregnancy Discrimination Act of 1978 (hereinafter "Title VII"), the Family and Medical Leave Act of 1996, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"), and Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA") to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination, harassment, and retaliation against Plaintiff because of her pregnancy and her disability leading to her unlawful termination.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII, the FMLA, and the ADA.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this District.

## THE PARTIES

4. Plaintiff, Flores, is a citizen of the United States, and was at all times material, a resident of the state of Texas.

5. Defendant, Pilot, is a foreign for-profit corporation.

6. Defendant does business and Plaintiff worked for Defendant in this District at 4440 McCarty St, Houston, TX 77013.

7. Defendant is an employer as defined by all laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On May 15, 2020, Plaintiff dual-filed a claim with the Texas Workforce Commission ("TWC") and the Equal Employment Opportunity Commission ("EEOC") against Defendant satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e) based on sex, pregnancy, disability, and retaliation.

10. Plaintiff's EEOC charge was filed within three hundred days after the alleged unlawful employment practices occurred.

11. On May 14, 2021, the EEOC issued to Plaintiff a Dismissal and Notice of Rights.

12.  This complaint was filed within ninety days of the EEOC's issuance of the Dismissal and Notice of Rights.

## FACTUAL ALLEGATIONS

13.  Plaintiff is Female.

14.  Plaintiff worked for Defendant for approximately three years.

15.  At the time of her termination, Plaintiff held the position of Lead Cashier.

16.  Plaintiff was a full-time employee who regularly worked or exceeded forty hours per week.

17.  On or about March 7, 2020, Plaintiff verbally informed Sandra Peake, General Manager, that she was pregnant. Plaintiff explained to Ms. Peake that her pregnancy was classified as high-risk as she could not give birth vaginally due to a traumatic injury, which she suffered in 2010.

18.  In 2010, Plaintiff was shot and the bullet caused severe damage to Plaintiff's uterus. As a result, Plaintiff is required to give birth via cesarean section between week thirty and thirty-two of pregnancy.

19.  Plaintiff is a disabled female due to her high-risk pregnancy and related complications.

20.  At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

21.  At all times material, Plaintiff was able to perform the essential functions of her job with or without accommodation.

22. On March 9, 2020, Plaintiff provided Ms. Peake with a report of pregnancy from her doctor. The report confirmed Plaintiff's pregnancy and listed her expected due date as November 4, 2020.

23. Approximately two hours into Plaintiff's shift on March 17, 2020, Plaintiff began to experience vaginal bleeding.

24. Plaintiff informed Ms. Peake of her condition and requested to be excused from work to go to the hospital immediately. Ms. Peake approved Plaintiff to leave work early.

25. Plaintiff engaged in protected activity when she requested time off to seek medical treatment.

26. Plaintiff immediately went the Lyndon B. Johnson Hospital in Houston, Texas, for treatment. Plaintiff's treating physician advised that she remain out of work until March 19, 2020.

27. Following her discharge form the hospital, Plaintiff sent a text message to Ms. Peake to update her on the situation. Plaintiff explained that her doctor had advised she take the rest of the day off and return to work that coming Thursday, and she had a supporting doctor's note to provide.

28. In response, Ms. Peake stated, "regardless of the fact if you have a doctor's note or not, I have to do what's in the best interest for the store" and proceeded to terminate Plaintiff's employment for her pregnancy related absences.

29. As no time did Defendant offer Plaintiff FMLA leave to cover her pregnancy related absences.

30. Plaintiff has been damaged by Defendant's illegal conduct.

31. Plaintiff has had to retain the services of the undersigned counsel and has agreed to pay said counsel reasonable attorney's fees.

## Count I:
### Sex, Including Pregnancy and Maternity Based Discrimination in Violation of Title VII *as amended by the* Pregnancy Discrimination Act of 1978

32. Plaintiff re-alleges and adopts, as if fully set forth here, the allegations stated in Paragraphs 1-31 above.

33. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her sex, female, including pregnancy.

34. Defendant is prohibited under Title VII from discriminating against Plaintiff because of her sex, including pregnancy and maternity with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

35. Defendant violated Title VII by unlawfully terminating and discriminating against Plaintiff based on her sex including pregnancy and maternity as compared to male employees and female employees who were not pregnant.

## Count II:
### Retaliation in Violation of Title VII

36. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-31 above.

37. Plaintiff engaged in protected activity under Title VII while employed by Defendant.

38. Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

39. Defendant's conduct violated Title VII.

40. Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss or pay, benefits, and prestige for which she is entitled to damages.

41. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

42. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages.

### Count III:
### Interference in Violation of the FMLA

43. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-31 above.

44. Plaintiff is a covered "employee" as defined by the FMLA because she worked for Defendant for more than 12 months preceding the leave, had more than 1,250 hours of service during the 12 months preceding the leave, and worked at a location where the employer has at least 50 employees within 75 miles.

45. At all times relevant to the case, Defendant is and was a covered "employer" under the FMLA because it has more than 50 employees employed at Plaintiff's work location in 20 or more workweeks in the calendar year preceding the leave request.

46. Plaintiff exercised, or attempted to exercise, her rights under the FMLA.

47. Defendant interfered with Plaintiff's lawful exercise of her FMLA rights.

48. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

49. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which she is entitled to legal relief.

## Count IV:
## Disability Discrimination in Violation of the ADA

50. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-31 above.

51. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

52. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

53. Defendant is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

54. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on her disability.

55. Defendant intentionally discriminated against Plaintiff on the basis of her disability.

56. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

57. Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count V:
## Retaliation in Violation of the ADA

58. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-31 above.

59. Defendant retaliated against Plaintiff for engaging in protected activity when Plaintiff requested reasonable accommodations under the ADA by terminating her employment.

60. Defendant's conduct violates the ADA.

61. Defendant's discriminatory conduct in violation of the ADA has caused Plaintiff to suffer loss of pay, benefits, and prestige.

62. Defendant's actions have caused Plaintiff to suffer mental and emotional distress entitling her to compensatory damages.

63. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Gary Martoccio**
Gary Martoccio
Texas Bar Number 24108958
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*