UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CRYSTAL FLORES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 4:21-cv-02317 |
| v. ) | |
| ) | |
| PILOT TRAVEL CENTERS, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____/ | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S DISCRIMINATION CLAIM AND RETALIATION CLAIMS UNDER TITLE VII AND THE ADA**
**OR IN THE ALTERNATIVE MOTION FOR LEAVE TO AMEND**

COMES NOW, Plaintiff, Crystal Flores ("Plaintiff"), and files her Response in Opposition to Defendant Pilot Travel Centers, LLC ("Defendant") Motion to Dismiss Plaintiff's Disability Discrimination Claim (Count IV) and Retaliation Claims Under Title VII (Count II) and the ADA (Count V) ("Motion") or in the alternative Motion for Leave to Amend and in support she states the following:

**I.     INTRODUCTION**

Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et. seq., *as amended* by the Pregnancy Discrimination Act of 1978 ("Title VII") and Title I of the Americans with Disabilities Act of 1990, as amended 42 U.S.C. §§ 12101 *et. seq.* ("ADA"), when it discriminated against and treated Plaintiff in a disparate manner due to her pregnancy and disability and retaliated against Plaintiff for engaging in protected activity leading to her termination.

As an initial matter, Plaintiff's Response in Opposition will only address Defendants Motion as to Plaintiff's disability-based discrimination claim (Count VI) and Plaintiff's Retaliation under the ADA claim (Count V). As discussed below, upon further review Plaintiff is requesting leave to amend to remove her claim for Retaliation under Title VII (Count II). Plaintiff's Complaint is well-pled and provides Defendant with sufficient notice of the allegations against it. Defendant seeks only to delay litigation through the filing its motion to dismiss and holds Plaintiff's Complaint to a standard more akin to that of summary judgment standard than the lesser standard under Rule 8(a)(2) of the Federal Rules of Civil Procedure. Thus, this Court should deny Defendant's Motion.

a. **Procedural History**

On July 16, 2021, Plaintiff filed her Complaint with Demand for Jury Trial (Doc. 1) against Defendant for its violation of Title VII, the ADA, and the Family and Medical leave Act of 1996, 29 U.S.C §§ 2601 *et. seq.* ("FMLA"), based on discrimination due to her pregnancy, disability, and retaliation. In response, Defendant filed its Motion (Doc. 7) on August 17, 2021. Plaintiff now files her Response in Opposition.

b. **Factual Overview**

As alleged and well-pled in Plaintiff's Complaint (hereinafter "Pl.'s Compl."), the facts relevant to this response are as follows.

On or about March 7, 2020, Plaintiff verbally informed Sandra Peake, General Manager, that she was pregnant. Plaintiff explained to Ms. Peak that her pregnancy was high-risk because she could not give birth vaginally due to an injury, she had suffered in 2010. (Pl.'s Compl. ¶ 17). In 2021, Plaintiff was shot, and the bullet caused severe damage to Plaintiff's uterus. Due to this injury, Plaintiff must give birth via cesarean section between week thirty and thirty-two of

pregnancy. (Pl.'s Compl. ¶ 18). A few days later, Plaintiff provided Ms. Peake with a report of pregnancy from her doctor, which listed her expected due date as November 4, 2020. (Pl.'s Compl. ¶ 22).

On March 17, 2020, Plaintiff began to experience vaginal bleeding while at work. (Pl.'s Compl. ¶ 23). Plaintiff notified Ms. Peake of her condition and requested to be excused from work to go to the hospital. (Pl.'s Compl. ¶ 24). Plaintiff's treating physician advised she remain out of work until March 19, 2020. (Pl.'s Compl. ¶ 24). Following her discharge from the hospital, Plaintiff sent a text message to Ms. Peake to inform her of the same and request a brief leave from work. Plaintiff informed Ms. Peake that she would provide a supporting doctor's note upon her return to work. (Pl.'s Compl. ¶ 27). In response, Ms. Peake stated, "regardless of the fact if you have a doctor's note or not, I have to do what's in the best interest for the store" and proceeded to terminate Plaintiff's employment. (Pl.'s Compl. ¶ 28).

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires a plaintiff to provide a "short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2), and that "[e]ach allegations must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(d).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under the 12(b)(6) standards, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*,

550 U.S. at 556). The inquiry is whether all facts alleged, taken collectively instead of viewed in isolation, state a plausible claim for relief. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 325 (2007).

### III. ARGUMENT

**a. <u>Count IV, Plaintiff's Disability-Based Discrimination Claim is Well-Pled</u>.**

Plaintiff's disability-based discrimination claim is well-pled thus, Defendant's Motion should be denied. An individual is considered disabled when she 1) has a physical or mental impairment that substantially limits one or more major life activities, 2) there is a record of such an impairment, or 3) she is regarded as having such an impairment. 42 U.S.C. §§ 12102(1). Additionally, major life activities include the operation of major bodily function, such as reproductive function. 42 U.S.C. §§ 12102(2)(B). To establish a prima facie case of disability discrimination, a plaintiff must show 1) that she has a disability, 2) that she was qualified for her job, and 3) she was subject to an adverse employment action. *Equal Emp't Opportunity Comm'n v. LHC Group, Inc.*, 773 F.3d 688, 697 (5th Cir. 2014). In *Hernandez v. Clearwater Transp., Ltd.*, the plaintiff argued the medical condition accompanying her pregnancy satisfied the ADA's definition for a disability. 2021 U.S. Dist. LEXIS 137254, *12. The Court found plaintiff's pregnancy-related medical condition was in fact enough to establish a disability as it affected her ability to work, an enumerated major life activity under the ADA. *Id.* at 11.

Similarly, here, Plaintiff has pled the medical complications accompanying her pregnancy, which rendered her pregnancy high risk, classify her as a disabled female. (Pl.'s ¶ Compl. 19). Contrary to Defendant's assertion, Plaintiff has identified an underlying impairment in that she suffered a traumatic injury to her uterus which resulted in her inability to give birth vaginally. (Pl's Compl. ¶¶ 17,18). Plaintiff's major life activities are substantially limited as her reproductive

4

functions are permanently impacted, as Plaintiff must deliver via cesarean section before the baby is full term. (Pl. Compl. ¶18). Plaintiff notified Defendant of her condition and the impact it had on her ability to give birth. (Pl.'s Compl. ¶ 17). Further, Plaintiff has established that she is a disabled female, and she was able to perform her job without or without accommodation, making her qualified for her job. (Pl.'s ¶ Compl. 20). Furthermore, Plaintiff was subjected to adverse employment action, as Defendant terminated her employment when she notified Ms. Peake that she would need a brief leave from work due to her condition. (Pl.'s Compl. ¶¶ 27, 28).

As Plaintiff has satisfied the elements to support a prima facie case of disability discrimination and her claim is well-pled Defendant's Motion should be denied.

### b. Count V, Plaintiff's Retaliation Claim Under the ADA is Well-Pled.

Plaintiff's retaliation claim is well-pled thus Defendant's Motion should be denied. To establish a prima facie claim of retaliation under the ADA, a plaintiff must show 1) she engaged in a protected activity, 2) she suffered an adverse employment action, 3) and there is a causal connection between the protected activity and the adverse action. *Lopez v. Kempthorne*, 684 F. Supp. 2d 827, 868, 2010 U.S. Dist. LEXIS 2832, *76. Where an employee has a good faith belief that she is disabled or perceived disabled, making a request for a reasonable accommodation under the ADA may constitute engaging in protected activity." *Id.* at 78. A request for accommodation "does not require the disabled individual to have 'applied formally' for an accommodation." *Holt v. Houston Methodist Sugar Land Hosp.,* 2020 U.S. Dist. LEXIS 36841, *19. In *Holt*, the plaintiff was terminated the same day she notified her supervisor that she had a medical condition which would require her to take time off for treatment. *Id.* at 19. The defendant argued that the informality of plaintiff's request for time off did not qualify it as a request for accommodation, however, the court held this argument was without merit. *Id.* The court found that the plaintiff was not given the

opportunity to request a formal accommodation as she was terminated within hours of notifying her supervisor that she would need time off. *Id.* Moreover, the court found that the timing between plaintiff notifying her supervisor of her need for time off and her termination was sufficient to demonstrate a causal connection. *Id.* at *22.

Similar to *Holt*, here, Plaintiff engaged in protected activity by requesting time off due to her medical condition. (Pl.'s Comp. ¶¶ 24, 27). Specifically, Plaintiff notified Ms. Peake that she was suffering medical symptoms and then following her trip to the hospital, Plaintiff informed Ms. Peake that her doctor had advised she take a brief leave from work. (Pl.'s Compl. ¶ 27). Immediately after learning that Plaintiff would require a brief time off from work, Ms. Peake terminated Plaintiff's employment. (Pl.'s Compl. ¶ 28). Also as in *Holt*, Plaintiff was not given the opportunity to make a formal request for accommodation as her employment was terminated so quickly after notifying Defendant of her need for time off. There is no question that Plaintiff's informal request for time off qualifies as protected activity. Moreover, the timing demonstrates a causal connection between Plaintiff's protected activity and her discharge as Ms. Peake terminated Plaintiff's employment in response to Plaintiff's request for time off. (Pl.'s Compl. ¶ 28).

Thus, Plaintiff's relation claim is well-pled, and Defendant's Motion should be denied.

    **c.** **<u>Count II, Plaintiff's Claim Retaliation Under Title VII</u>.**

Upon further review, Plaintiff requests leave to amend to remove Count II of her Complaint.

**IV.    CONCLUSION**

Based on the foregoing, Defendant's Motion should be denied because Plaintiff's Complaint is well-plead. Further, Defendant's Motion should be rendered moot as Plaintiff is also simultaneously filing a Motion to Amend her Complaint to address the alleged pleading

6

deficiencies as it pertains to Plaintiff's claims for disability discrimination (Count IV) and retaliation (Count V), and to remove her claim for Retaliation under Title VII (Count II).

Dated: August 31, 2021.	Respectfully Submitted:

/s/ Gary Martoccio
Gary Martoccio
Texas Bar Number 24108958
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of August 2021, I electronically filed the foregoing with the Clerk of Court, using the CM/ECF system, which will send notification of such filing to all parties of record:

Tiffany Cox Stacy
Brandon E. Strey
Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.
112 East Pecan Street, Suite 2700
San Antonio, Texas 78205
T: (210) 352-1300
F: (210) 277-2702
Tiffany.cox@ogletree.com
Brandon.strey@ogletree.com

/s/ Gary Martoccio
Gary Martoccio