IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CRYSTAL FLORES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-21-2317 |
| | § | |
| PILOT TRAVEL CENTERS, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Crystal Flores was employed as a cashier at Pilot Travel Centers when she requested two days of leave for a pregnancy-related complication. Instead of granting the request, Pilot Travel Centers fired her. Flores alleges violations of three federal statutes: Title VII of the Civil Rights Act, as amended by the Pregnancy Discrimination Act of 1978; the Family and Medical Leave Act of 1996; and Title I of the Americans with Disabilities Act of 1990. (Docket Entry No. 1). Pilot Travel Centers moved to dismiss Flores's Americans with Disabilities Act claims for discrimination and retaliation, and her Title VII claim for retaliation, under Federal Rule of Civil Procedure 12(b)(6). (Docket Entry No. 7). Pilot Travel Centers did not seek to dismiss Flores's Title VII discrimination or Family and Medical Leave Act claims, and Flores agreed to dismiss her Title VII retaliation claim. (Docket Entry No. 10). This Memorandum and Opinion addresses the motion to dismiss the Americans with Disabilities Act discrimination and retaliation claims.

Based on the complaint, the motion to dismiss, the briefs, the parties' arguments, and the law, the court denies the motion to dismiss Flores's discrimination and retaliation claims under the Act. The reasons are set out below.

I.      Background

Flores was a full-time employee at Pilot Travel Centers for three years. (Docket Entry No. 1, at ¶¶ 14–16). On March 7, 2020, Flores told Sandra Peake, her General Manager, that she was pregnant. (*Id.*, at ¶ 17). Flores told Peake "that her pregnancy was classified as high-risk as she could not give birth vaginally due to a traumatic injury, which she suffered in 2010," when she "was shot and the bullet caused severe damage to [her] uterus." (*Id.*, at ¶¶ 17, 18).

Ten days after Flores told Peake of her high-risk pregnancy, Flores "began to experience vaginal bleeding" during her shift at Pilot Travel Centers. (*Id.*, at ¶ 23). Flores "informed Ms. Peake of her condition and requested to be excused from work to go to the hospital immediately. Ms. Peake approved [Flores] to leave work early." (*Id.*, at ¶ 24).

Flores was seen and released from the hospital. Her treating physician advised her to refrain from returning to work for two days. (*Id.*, at ¶ 26). Flores texted Peake, "explain[ing] that her doctor had advised [her to] take the rest of the day off and return to work that coming Thursday, and she had a supporting doctor's note to provide." (*Id.*, at ¶ 27).

Instead of granting the requested leave, Peake fired Flores. Peake replied to Flores, "Regardless of the fact if you have a doctor's note or not, I have to do what's in the best interest for the store." (*Id.*, at ¶ 28). Pilot Travel Centers did not offer Flores "[Family Medical] leave to cover her pregnancy related absences." (*Id.*, at ¶ 29).

Flores sued Pilot Travel Centers, seeking damages for wrongful termination under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978; the Family and Medical Leave Act of 1996, and under Title I of the Americans with Disabilities Act of 1990. (*Id.*, at ¶ 1).

Flores asserts two claims under Title VII, 42 U.S.C. §§ 2000e, *et seq*. Flores alleges that Pilot Travel Centers discriminated against her in violation of Title VII "based on her sex[,] including pregnancy and maternity[,] as compared to male employees and female employees who were not pregnant." (*Id.*, at ¶¶ 32–35). Flores also alleges that Pilot Travel Centers retaliated against her in violation of Title VII after she "engaged in protected activity when she requested time off to seek medical treatment" for her pregnancy-related complication. (*Id.*, at ¶¶ 25, 36–40). The Title VII discrimination claim is not challenged in the motion to dismiss.

Flores asserts two claims under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq*.: First, she alleges that she "was a qualified individual with a disability within the meaning of the ADA," and that Pilot Travel Centers "violated the ADA by unlawfully terminating and discriminating against [her] based on her disability." (*Id.*, at ¶¶ 50–57). Secondly, she alleges that Pilot Travel Centers retaliated against her by firing her after she "engag[ed] in protected activity when [she] requested reasonable accommodations under the ADA." (*Id.*, at ¶¶ 58–63).

Finally, Flores asserts one claim under the Family and Medical Leave Act, 29 U.S.C. §§ 2601, *et seq*. Flores alleges that she was a "covered 'employee' as defined by the FMLA"; that she "exercised, or attempted to exercise, her rights under the FMLA" by requesting temporary leave for her pregnancy-related complication; and that Pilot Travel Centers "interfered with [her] lawful exercise of her FMLA rights" by firing her instead of granting her leave. (*Id.*, at ¶¶ 43–49). That claim is not challenged in the motion to dismiss.

Pilot Travel Centers moved to dismiss Flores's "disability discrimination claim under the ADA and her retaliation claims under Title VII and the ADA." (Docket Entry No. 7, at 2). As noted, Flores has agreed to dismiss her Title VII retaliation claim, and Pilot Travel Centers did not

move to dismiss Flores's Title VII discrimination claim or her FMLA claim. The claims addressed here are for discrimination and retaliation under the Americans with Disabilities Act.

## II. The Legal Standard for a Motion to Dismiss

A federal court dismisses a complaint under Rule 12(b)(6) if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"). In reviewing a Rule 12(b)(6) motion, the court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014).

"To survive dismissal, a plaintiff must plead 'enough facts to state a claim for relief that is plausible on its face.'" *Id.* at 503 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556); *see also Thompson*, 764 F.3d at 503 (when evaluating plausibility, the court does not "evaluate the plaintiff's likelihood of success" (internal quotation marks omitted)).

## III. Analysis

Flores alleges that Pilot Travel Centers violated the Americans with Disabilities Act by firing her after she requested a two-day leave to recover from a complication of her high-risk pregnancy. (Docket Entry No. 1, at ¶¶ 43–57).

The Act prohibits an employer from "discriminat[ing] against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). An employer discriminates against a qualified individual on the basis of disability by failing to "mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." *Id.* § 12212(b)(5)(A); *see Moss v. Harris Cnty. Constable Precinct One*, 851 F.3d 413, 417 (5th Cir. 2017).

The Act also prohibits an employer from retaliating against an individual who has "participated in an activity protected under the [ADA]." *Austgen v. Allied Barton Sec. Servs. LLC*, 815 F. App'x 772, 776 (5th Cir. 2020) (citing *McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007)); 42 U.S.C. § 12203. "[A] request for a reasonable accommodation under the ADA may constitute engaging in a protected activity." *Tabotchnik v. Cont'l Airlines*, 262 F. App'x 674, 676 (5th Cir. 2008); *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1194 (10th Cir. 2007) ("We have treated requests for reasonable accommodation as protected activity under the ADA."); *Jones v. Children's Hosp. of Philadelphia*, No. CV-17-5637, 2019 WL 2640060, at *10 (E.D. Pa. June 27, 2019) ("Requests for accommodations are protected activities under the ADA.").

Pilot Travel Centers argues that Flores did not state a plausible discrimination or retaliation claim under the Act. First, Pilot Travel Centers argues that Flores has not plausibly alleged discrimination, because she has not alleged facts stating a disability, and "[a] necessary predicate to any claim under the ADA is the existence of a disability." (Docket Entry No. 7, at 3). Second, Pilot Travel Centers argues that Flores's ADA retaliation claim fails because she did not allege that she "engaged in protected activity by requesting reasonable accommodation." (*Id.*, at 5).

5

### i. Disability

Under the Americans with Disabilities Act, a person is considered disabled if she has "(1) a mental or physical impairment that substantially limits one or more major life activities . . . ; (2) a record of such an impairment; or (3) [is] regarded as having such an impairment." *Kemp v. Holder*, 610 F.3d 213, 235 (5th Cir. 2010) (quoting 42 U.S.C. § 12102(1)); *see also Austgen*, 815 F. App'x at 775; *Tomiwa v. PharMEDium Servs., LLC*, No. 4:16-CV-3229, 2018 WL 1898458, at *5 (S.D. Tex. Apr. 20, 2018).

Courts have consistently held that pregnancy is not "by itself . . . an impairment under the ADA." *Spees v. James Marine, Inc.*, 617 F.3d 380, 396 (6th Cir. 2010) (citing cases); *Villareal v. J.E. Merit Constructors, Inc.*, 895 F. Supp. 149, 152 (S.D. Tex. 1999) ("[P]regnancy and related medical conditions do not, absent unusual circumstances, constitute a 'physical impairment' under the ADA."). The U.S. Equal Employment Opportunity Commission—the agency tasked with enforcing the Act—states in its *Enforcement Guidance on Pregnancy Discrimination and Related Issues*, that "pregnancy itself is not an impairment within the meaning of the ADA, and thus is never on its own a disability."[1] The Fifth Circuit has not addressed whether or when pregnancy can constitute a physical impairment under the Disabilities Act.

Neither party disputes that complications resulting from pregnancy can be impairments under the Act. *See, e.g.*, *Spees*, 617 F.3d at 397 ("Pregnancy-related conditions have typically been found to be impairments where they are not part of a 'normal' pregnancy."); *Navarro v. Pfizer Corp.*, 261 F.3d 90, 97 (1st Cir. 2001) ("While pregnancy itself may not be an impairment, the decided ADA cases tend to classify complications resulting from pregnancy as impairments.");

---

[1] U.S. Equal Employment Opportunity Commission, EEOC-CVG-2015-1, *Enforcement Guidance on Pregnancy Discrimination and Related Issues* (2015), https://www.eeoc.gov/laws/guidance/enforcement-guidance-pregnancy-discrimination-and-related-issues.

*Jeudy v. Att'y Gen., Dep't of Justice*, 482 F. App'x 517, 520 (11th Cir. 2012) ("While pregnancy is generally not considered a disability, a pregnancy-related impairment may be considered a disability, if it substantially limits a major life activity."). The EEOC's *Enforcement Guidance on Pregnancy Discrimination* notes, as an example, that "[s]ome impairments of the reproductive system may make a pregnancy more difficult . . . . Disorders of the uterus and cervix may be causes of [pregnancy] complications."

Flores's pleading clearly meets this standard. She alleges that she suffered from complications—vaginal bleeding—as a result of her high-risk pregnancy. She alleges that she had been the victim of a gunshot wound years earlier that "caused severe damage" to her uterus. (Docket Entry No. 1, at ¶ 18). As a result of that injury, she cannot have a "normal" pregnancy; and she will be "required to give birth via cesarean section between week thirty and thirty-two of pregnancy." (*Id.*). Flores informed her employer that "her pregnancy was classified as high risk." (*Id.*, at ¶ 17). Flores alleges that she suffered a pregnancy-related "complication[]" when, "[a]pproximately two hours into [her] shift on March 17, 2020, [s]he began to experience vaginal bleeding" that required her to seek treatment at a nearby hospital. (*Id.*, at ¶¶ 19, 23–26). Her "treating physician advised that [Flores] remain out of work until March 19, 2020." (*Id.*, at ¶ 26). That required a two-day leave.

These allegations plausibly state a physical impairment that substantially limits a major life activity. "[R]eproduction is a major life activity." *Bragdon v. Abbott*, 524 U.S. 624, 637–38 (1998); *Holt v. Houston Methodist Sugar Land Hosp.*, No. 4:19-CV-564, 2020 WL 989911, at *3 (S.D. Tex. Feb. 10, 2020) ("The allegation that Plaintiff suffered from 'tumors' involving her 'reproductive [system]' is sufficient to show that her condition(s) limited the 'major life activities' of 'normal cell growth' and 'reproductive functions.'"). Flores has a condition—a past traumatic

7

injury to her uterus—that altered her "reproductive functions" and prevents her from giving "birth vaginally." (Docket Entry No. 1, at ¶ 17). A complication of her "high-risk pregnancy" is that she experienced "vaginal bleeding" and required hospitalization. Flores has plausibly alleged that she had a disability covered by the Americans with Disabilities Act.

### ii. Discrimination

A plaintiff plausibly pleads a discrimination claim under the Disabilities Act by alleging facts showing that her employer failed to "mak[e] reasonable accommodations" for her known disability. 42 U.S.C. § 12212(b)(5)(A). "Time off, whether paid or unpaid, can be a reasonable accommodation." *Austgen*, 815 F. App'x at 775 (quoting *Moss*, 851 F.3d at 418). Flores requested two days of time off on the advice of her treating physician. Instead of considering, much less granting, the request, she was immediately fired. (Docket Entry No. 1, at ¶¶ 26–28). Flores has plausibly alleged that Pilot Travel Centers discriminated against her when it declined to accommodate her quite modest request for time off, and instead terminated her employment. *See Moss*, 851 F.3d at 417 ("The ADA prohibits an employer from 'discriminat[ing] against a qualified individual on the basis of disability,' by, among other things, terminating an individual's employment." (quoting *Delaval v. PTech Drilling Tubulars, LLC*, 824 F.3d 476, 479 (5th Cir. 2016)).

### iii. Retaliation

"To establish a prima facie case of retaliation under the ADA, [Flores] must show that (1) [s]he participated in an activity protected under the statute; (2) [her] employer took an adverse action against [her]; and (3) a causal connection exists between the protected activity and the adverse action." *Austgen*, 815 F. App'x at 776. Flores alleges that Pilot Travel Centers fired her in retaliation for making an accommodation request. Pilot Travel Centers argues that Flores's

"complaint is devoid of any reference to what sort of accommodation [request] [Flores] may have made or when." (Docket Entry No. 7, at 5). To the contrary, Flores's complaint clearly alleges that after her discharge from the hospital on March 17, 2020, she "sent a text message to [her General Manager] to update her on the situation," and "explained that her doctor had advised she take the rest of the day off and return to work that coming Thursday, and she had a supporting doctor's note to provide." (Docket Entry No. 1, at ¶¶ 23, 27).

An "employee's initial request for an accommodation . . . triggers the employer's obligation to participate in the interactive process of determining" an appropriate accommodation. *Taylor v. Principal Fin. Grp., Inc.*, 93 F.3d 155, 165 (5th Cir. 1996). "An employer may not stymie the interactive process of identifying a reasonable accommodation for an employee's disability by preemptively terminating the employee before an accommodation can be considered or recommended." *Cutrera v. Bd. of Supervisors of La. State. Univ.*, 429 F.3d 108, 113 (5th Cir. 2005). Flores has alleged that she requested two days leave to heal from a complication from her high-risk pregnancy; that her employer did not engage in an interactive process of determining an appropriate accommodation; and that, instead, her employer immediately fired her. *Cf. Holt*, 2020 WL 989911, at *6 (a plaintiff plausibly alleged retaliation by "alleg[ing] that she was terminated the very same day she notified her supervisor that her medical condition(s) would require her to take time off from work for surgery"). Flores has plausibly alleged a prima facie case of retaliation.

## IV.  Conclusion

The court denies Pilot Travel Centers' motion to dismiss Flores's claims for discrimination and retaliation under the Americans with Disabilities Act. Flores's Title VII discrimination and Family Medical Leave Act claims also remain. The court grants Flores's motion to dismiss her

Title VII retaliation claim without prejudice. Flores may amend her complaint by no later than **November 4, 2021**.

SIGNED on October 21, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge

Title VII retaliation claim without prejudice. Flores may amend her complaint by no later than **November 4, 2021**.

SIGNED on October 21, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge